**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**


**JAMIE MADDOX,**

      **Petitioner,**

**vs.**                                  **CASE NO. 4:08cv250-RH/WCS**

**WARDEN CUMMINS,**

      **Respondent.**

_____/


**REPORT AND RECOMMENDATION**


      This cause is before the court upon reassignment from Magistrate Judge Timothy.  Doc. 18.  Pending is Petitioner's petition for writ of habeas corpus which was transferred from the Middle District of Florida (Case No. 3:08cv546-VMC0JRK).  Doc. 6. In an order entered June 6, 2008, Petitioner's motion to proceed *in forma pauperis* was denied and Petitioner was directed to pay the $5.00 filing fee by July 10, 2008.  Doc. 8. Because the filing fee was not paid, the court entered an order on July 17, 2008, directing Petitioner to show cause why his case should not be dismissed for his failure to comply with a court order.  Doc. 9.  On August 4, 2008, Petitioner's copy of that order was returned to the clerk's office undelivered with the envelope marked "return to sender, inmate was released."  Doc. 12.

In the meantime, on August 1, 2008, Petitioner's grandmother paid the $5.00 filing fee, doc. 10, four days before the clerk received the mail return on document 9, and therefore the court reviewed the Petition and entered an order directing the Petitioner to file an amended petition by September 3, 2008.  Doc. 11.   A review of the docket sheet reveals that Judge Timothy's Chambers advised the Clerk's office on August 12, 2008, of Petitioner's forwarding address: 12201 Waves Ferry Road, Montgomery, AL 36117, and instructed the docketing clerk to re-mail the previous two orders (docs. 9 and 11).  On August 18, 2008, both orders were also returned to the Clerk's office marked "Return to Sender, No Mail Receptacle, Unable to Forward." Doc. 14.   Petitioner has not notified the court of a new address.    Petitioner has never submitted anything personally to this court.  The only submission to the court was his original petition for writ of habeas corpus filed in the Middle District and subsequently transferred to this District.  It is Petitioner's responsibility to prosecute his own lawsuit and to keep this court apprised of his current address.

Since Petitioner has not furnished the court with a new address, it is doubtful that he will even receive a copy of this report and recommendation.  In the event the Petitioner does receive a copy of this report and recommendation, the court will allow him an opportunity to show cause why this report and recommendation should be vacated, failing which, the Clerk shall be directed to forward the report and recommendation to the assigned district judge.

Accordingly, it is **RECOMMENDED** that this case be **DISMISSED WITHOUT PREJUDICE** for failure to prosecute.

**IN CHAMBERS** at Tallahassee, Florida, on October 9, 2008.

**s/    William C. Sherrill, Jr.**
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

## <u>NOTICE TO THE PARTIES</u>

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**