IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


**JAMIE MADDOX,**

    **Petitioner,**

**vs.**                                            **CASE NO. 4:08cv250-RH/WCS**

**WARDEN CUMMINS,**

    **Respondent.**

_____/

## REPORT AND RECOMMENDATION TO GRANT RELIEF FROM JUDGMENT

This case was closed and judgment entered on the docket on November 14, 2008. Docs. 19 (report and recommendation), 21 (order adopting recommendation), and 22 (judgment). It is now before the court on recent letters from the Petitioner. Docs. 24 (letter request for status), 26 (letter to the court) and 27 (letter to the undersigned).

In response to the request for status, a docket entry of May 28, 2009, reflects that the clerk sent copies of docs. 21 and 22 to Petitioner. Petitioner now asserts that a mistake was made, and asks the court to reopen his case. Docs. 26 and 27.

As set forth in the recommendation of October 9, 2008 (doc. 19, incorporated by reference), Petitioner was directed to file an amended 28 U.S.C. § 2254 petition by September 3, 2008. Doc. 11. The mail was returned undelivered, with the envelope marked "return to sender, inmate was released." Doc. 12. The docket reflects that on August 12, 2008, the order was re-mailed to Petitioner at a different address, provided

to the clerk by the chambers of Magistrate Judge Timothy (then assigned to the case). That mailing and all others sent to the address provided, 12201 Waves Ferry Road, Montgomery, AL 36117, were returned undelivered to the clerk. Docs. 14, 16, 20, and 23.

Ultimately, the case was dismissed without prejudice for failure to prosecute. Docs. 21 and 22.

Petitioner then sent the request for status, which had as the return address the same address set forth in the initial petition: KCF (Kilby Correctional Facility) P.O. Box 150, Mt. Meigs, AL 36057. Doc. 24. The clerk corrected the docket to reflect this address and sent the copies of docs 21 and 22.

Petitioner claims that he has been at the same address since 2007. Doc. 26. He states that he has never used a Waves Ferry Road address, the address provided by chambers and used by the clerk, and that the court made a mistake. Doc. 27. He asks the court to reopen his case and allow him time to respond to the show cause order. *Id.*

A very close look at the original envelope in which the document (prompting the magistrate's office to instruct the clerk to make the address change) was returned, reveals that Petitioner's inmate number was incorrectly printed by this court's clerk as 217698 rather than 217968. Doc. 12.[1] But at the time there was no reason to doubt the indication that Petitioner had been released, and the magistrate judge's office presumably looked to the website of the Florida Department of Corrections (DOC) to obtain another mailing address. Under the supervised population information of the DOC, with his (Florida) inmate number of I04505, Petitioner is listed with this information:

Current Verified TEMPORARY address

---

[1] The number is mostly covered by the letters "RTS" (return to sender), written in thick black marker over the whole address, typed or printed in black ink. Holding the original envelope at a certain angle to the light, however, the printed black type has a sheen so the type is discernable through the marker.

Case No. 4:08cv250-RH/WCS

12201 Wares [not Waves] Ferry Road
Kilby CI
Montgomery, AL 36117

As it is listed as a current temporary address, it may have been the address provided around the time Petitioner began supervision in 2001.  Moreover, unlike in the case of an inmate in Florida custody, the DOC would not necessarily have to maintain the most current address.

It therefore appears that Petitioner has been at Kilby Correctional Facility the entire time his case was pending in this court.  There was a typographical error on the envelope this court used in mailing doc. 9 to him, and (assuming he was at KCF) a mistake was made at KCF in returning the mail and indicating he was released.  These mistakes were compounded by substituting the former address, and not entirely correctly,[2] with the temporary address held by the Florida Department of Corrections.

The court may relieve a party from a final judgment for, *inter alia*, "mistake, inadvertence, surprise, or excusable neglect," on motion filed no more than a year after entry of the judgment.  Fed.R.Civ.P. 60(b)(1), 60(c)(1).  *Cf.* Gonzalez v. Crosby, 545 U.S. 524, 125 S. Ct. 2641, 162 L. Ed. 2d 480 (2005) (allowing Rule 60(b) relief in the habeas context where not inconsistent with limitations on filing second or successive petitions).  Construed as a timely motion for relief under Rule 60(b)(1), Petitioner is entitled to relief based on the multiple mistakes resulting in misdirection of his mail.

This case should be reopened and remanded to the undersigned for further proceedings.  On remand, Petitioner will be directed to file an amended petition as originally directed in the order of August 4, 2008.  Doc. 11.

It is therefore respectfully **RECOMMENDED** that Petitioner's letters (docs. 26 and

---

[2] According to the docket, the clerk was given a slightly different street name and no institution was provided as part of the address, though it may be that the information recorded by the clerk on August 12, 2008, was exactly as it then appeared on the DOC website.  But as Petitioner was still (under either address) in Alabama custody, the address used by the clerk should still have included his Alabama inmate number.

Case No. 4:08cv250-RH/WCS

27), construed as seeking relief pursuant to Fed.R.Civ.P. 60(b)(1), be **GRANTED,** the case **REOPENED**, and **REMANDED** to the undersigned for further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on June 25, 2009..


s/    William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.