**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**JAMIE MADDOX,**

      **Petitioner,**

**vs.**                      **CASE NO. 4:08cv250-RH/WCS**

**WARDEN CUMMINS,**

      **Respondent.**

_____/

## REPORT AND RECOMMENDATION ORDER TO DISMISS § 2254 PETITION

Petitioner Maddox filed his original petition for writ of habeas corpus well over a year ago in the Middle District of Florida. It was transferred here, and Petitioner was directed to pay the filing fee and to file an amended petition using a 28 U.S.C. § 2254 form. Docs. 6 (file as transferred), 8 and 11 (orders). After a show cause order had been entered for Petitioner's failure to amend, the case was reassigned to me. Docs. 15 and 18.

The case was dismissed without prejudice, but relief from that judgment was granted for reasons which need not be repeated here. *See* docs. 28 and 29. Petitioner was directed to file an amended petition using the § 2254 form. Doc. 33. An amended § 2254 petition, as originally directed by order of August 4, 2008 (doc. 11), is finally before the court. Doc. 34. It now appears that the § 2254 petition should be summarily dismissed as it plainly appears Petitioner is entitled to no relief. § 2254 Rule 4.

Petitioner identifies the judgment under attack as imposed by the Third Judicial Circuit, Taylor County Florida, on June 11, 2001, and the detainer warrant (for violation of probation in that case) of August 28, 2007. Doc. 34, p. 1. Petitioner is currently in Alabama custody, serving an Alabama sentence.

Petitioner claims a violation of due process for failure to have a timely hearing on the Florida probation violation charge (ground one). *Id.*, p. 4. He claims that the first probation violation detainer was issued on June 24, 2004, he was released to supervised release in Alabama on October 22, 2006, yet was never extradited to Florida to face the violation of probation charge. *Id.*

In ground two, Petitioner claims that while he was serving parole on the Alabama sentence in March and April 2004, he could not have violated his Florida probation because he was actually still serving the Alabama sentence, not the Florida probation. *Id.*, p. 4.[1]

In ground three, Petitioner asserts that his plea in Florida was not knowing and voluntary, as he believed his Florida term of probation would be served concurrent with his imprisonment on the Alabama sentence. *Id.*, p. 5.

In ground four, Petitioner asserts that, while it is the position of the State of Florida that his probation run with the Alabama sentence:

> Petitioner was not on probation in Alabama until [October] 27, 2006, over 2 years after the 1st Florida Probation [violation] was issued. Even still Petitioner was still under the terms of his Alabama Prison Sentence in Alabama / and Florida contends that Maddox can't serve his Florida Probation until Maddox finished his Alabama prison term.

---

[1] The Circuit Court in Taylor County entered an "order of clarification of sentence" on April 18, 2008. Doc. 1, Ex. C. The court explained that under Florida law, he could not serve the Florida probation while also serving a prison term, and the only days that might qualify for service of the Taylor County probation were days while Petitioner was on probation or conditional release in the Alabama, not days that he was incarcerated in Alabama. *Id.*, p. 2. It was while on conditional release from the Alabama sentence that Petitioner allegedly violated the terms of his Florida probation as well as the terms of his Alabama conditional release, and was arrested and reincarcerated by the State of Alabama. *Id.*

*Id.*, p. 5.

As to each ground, Petitioner indicates that he did not raise the issue in state court either because he does not understand law (ground one) or because it would be futile to make the argument (grounds two, three, and four). *Id.*, pp. 4-5.

For relief, Petitioner asks for the "Taylor County Court to revoke [his] probation [and] run all Florida Prison or jail time concurrent with Alabama Prison time," and to "[g]rant [him] time served on all Florida cases in Taylor County." *Id.*, p. 6.

Although Petitioner is confined in Alabama, his dispute is with authorities in Florida, in lodging the probation violation detainer. The petition is properly brought in Florida. Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 498-499, 93 S.Ct. 1123, 1131-32, 35 L.Ed.2d 443 (1973).

The failure to hold a hearing or resolve the detainer for violation of Petitioner's Florida probation, while he is still serving his Alabama sentence, does not state a violation of due process or federal law. Petitioner has no constitutional right to have his probation violation resolved prior to completion of his current sentence. *See* Carchman v. Nash, 473 U.S. 716, 731 n. 10, 105 S.Ct. 3401, 3409, n. 10 87 L.Ed.2d 516 (1985) (a prisoner subject to a probation-violation detainer has no constitutional right to have his detainer heard in a speedy manner while serving a separate sentence); Moody v. Daggett, 429 U.S. 78, 85, 97 S.Ct. 274, 50 L.Ed.2d 236 (1976) (no loss of liberty interest arises from the issuance of a parole violator warrant and lodging of a detainer; instead, a liberty interest is implicated when the warrant is executed). Article III of the Interstate Agreement on Detainers Act, establishing a procedure for a prisoner held in one party state to demand speedy disposition of untried charges from another party state on charges lodged as a detainer, does not apply to parole or probation violation detainers. Carchman, 473 U.S. at 727-728, 105 S.Ct. at 3406-07.

To the extent that Petitioner challenges the validity of the probation revocation which has not occurred, he must wait to raise his defenses in connection with the

Florida revocation hearing.  <u>Braden</u>,  410 U.S. at 493, 93 S.Ct. 1129 (emphasizing "that nothing we have said would permit the derailment of a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court.").

As it plainly appears from the amended petition and exhibits in the file that Petitioner is not entitled to any relief at this time, the petition should be summarily dismissed.  § 2254 Rule 4.

It is therefore respectfully **RECOMMENDED** that the amended § 2254 petition, doc. 34, be **SUMMARILY DISMISSED.**

**IN CHAMBERS** at Tallahassee, Florida, on November 13, 2009.


s/    William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.
UNITED STATES MAGISTRATE JUDGE**


## <u>NOTICE TO THE PARTIES</u>

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**